# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | | 3-CR-17-396 |
| v. | : | |
| | | (JUDGE MANNION) |
| FREDRICK BROWN, | : | |
| | : | |
| Defendant | | |

## MEMORANDUM

Before the court in this case with charges of sex trafficking and drug trafficking against defendant Fredrick Brown is the pre-trial motion *in limine* filed by the government on March 6, 2019.[1] (Doc. 81). The government seeks to preclude the defendant from introducing evidence of prior and subsequent prostitution-related acts by the government's victim witnesses as an exception under FRE 412. The government argues that the defendant should be barred from offering any evidence at trial regarding alleged sexual activities of its sex trafficking victim witnesses except with respect to the defendant's cross examination of these witnesses about their prostitution activities for the defendant. The government contends that the other acts of prostitution by its witnesses not related to the charges in this case are precluded under FRE 412 as "prior or subsequent" or "other" sexual behavior. For the reasons set forth below, the court will **GRANT** the government's motion *in limine* as noted

---

[1]This Memorandum and the accompanying Order memorializes the ruling orally given to counsel prior to trial.

below.

## I. BACKGROUND[2]

On December 19, 2017, Brown was charged in a four-count Indictment with sex trafficking by force, fraud, and coercion in violation of 18 U.S.C. §§1591(a) and (b)(1); sex trafficking of a minor by force, fraud, and coercion in violation of 18 U.S.C. §§1591(a) and (b)(1); conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. §846; and possession with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A). (Doc. 1).

The trial in this case is scheduled to commence on March 12, 2019. The government filed its pre-trial motion *in limine* on March 6, 2019. Brown filed his brief in opposition on March 10, 2019. (Doc. 90).

## II. LEGAL STANDARD

The government's motion *in limine* is filed pursuant to Fed.R.Evid. 412. "Rule 412 prohibits the admissibility of 'evidence offered to prove that a victim engaged in other sexual behavior' and 'evidence offered to prove a victim's sexual predisposition." United States v. Williams, 666 Fed.Appx. 186, 200 (3d

---

[2]Since the court stated the background of this case in its prior Memorandum denying Brown's suppression motion, it will not be fully repeated herein.

Cir. 2016), *cert*. *denied*, 138 S.Ct. 121 (2017). "Rule 412 applies in cases involving 'alleged sexual misconduct,' conduct within the terms of the sex trafficking statute [18 U.S.C. §1591]." Id. at 201. "The evidence ordinarily barred by Rule 412 is only admissible 'in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim.'" Id. There are three exceptions under Rule 412(b)(1) where evidence of alleged sexual misconduct may be admitted. Id. The applicable exception in this case falls under Rule 412(b)(1)(c), evidence whose exclusion would violate the defendant's constitutional rights. There are two constitutional rights at issue herein, namely, defendants' right to present a full defense under the Fifth Amendment's Due Process Clause and defendants' right to confront witnesses under the Sixth Amendment.

### III.    DISCUSSION

Brown contends that he should be permitted to offer evidence of prior and subsequent prostitution-related acts by the government's victim-witnesses as part of his rights under the Fifth and Sixth Amendments to offer a complete defense in his trial and to cross-exam and impeach witnesses. He argues that such evidence is admissible as an exception under FRE 412(b)(1)(c). Brown indicates that the information he received from the government during discovery reveals that the witnesses engaged in commercial sex acts before, during and after their alleged involvement with him. He contends that the stated evidence should be admissible since it is

relevant regarding one of the elements of the sex trafficking charge the government must prove, i.e., he knew force, fraud, or coercion would be used to cause the victim-witnesses to engage in a commercial sex act. Additionally, he contends that the alleged prior and subsequent commercial acts performed by the witnesses are relevant to show that their prostitution related acts were consensual and not forced by him and that they were not compelled to engage in prostitution to avoid serious harm. Brown argues that "evidence of prior and subsequent prostitution related activities by the complaining witnesses if known to [him] would tend to negate this *mens rea* requirement."

Thus, Brown contends that he should be allowed to introduce this evidence at trial.

Even though the Third Circuit has not yet decided the instant issue, recently in <u>United States v. Taylor</u>, 352 F.Supp.3d 409 (M.D.Pa. Nov. 7, 2018), we precluded the defendants in a sex trafficking case from presenting evidence of and from cross examining the government's victim witnesses about their sexual activity that was not directly related to the defendants and to the charges against them. Thus, in the instant case, the government relies, in part, upon the *Taylor* case and seeks to preclude Brown from cross-examining its victim witnesses regarding any of their sexual activities outside the scope of their testimony on direct examination. It does not challenge Brown's ability to cross-examine its victim witnesses about their acts of prostitution for him regarding the sex trafficking offenses charged in the indictment.

4

Based on the rationale discussed in the *Taylor* case, the court will preclude Brown from introducing any evidence and from cross-examining the government's victim witnesses regarding prostitution acts that they may have engaged in before or after the time period charged in the indictment. (Doc. 1). The court finds that no violation of the defendant's constitutional rights to a complete defense and to cross-examine witnesses will occur if the defendant is not allowed to introduce such testimony and evidence against the government's victim witnesses.

> As noted in *Taylor, id.* at 412:
>
> Defendant['s] rights under the Fifth and Sixth Amendments are not unlimited. Nor is the right to cross-examine witnesses unlimited. *See* United States v. Senat, 698 Fed.Appx. 701, 704 (3d Cir. 2017) ("The Confrontation Clause does not limit a district court's 'wide latitude ... to impose reasonable limits on such cross-examination,' including limits based on 'harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'") (citations omitted). *See also* United States v. Lockhart, 844 F.3d 501 (5th Cir. 2016) (Fifth Circuit held that the district court's exclusion of evidence that victim was a prostitute before defendant's involvement with her did not violate defendant's right to a defense and to cross-exam the witness).

*See also* United States v. Thompson, 178 F.Supp. 3d 86, 90 (W.D.Pa. 2016); United States v. Williams, *supra*; United States v. Overton, 2017 WL 6347084105, *6-*7 (W.D.N.Y. Dec. 13, 2017).

Therefore, the court will grant the government's motion *in limine* under FRE 412 and not allow Brown to introduce any evidence or testimony of alleged prior and subsequent prostitution and commercial sex acts by the government's victim witnesses, since the exclusion of this evidence in this

5

case will not violate Brown's constitutional rights under the Fifth and Sixth Amendments to present a complete defense and to cross-exam the government's witnesses. However, the court will allow Brown to ask the government's victim witnesses about other prostitution acts that occurred during the time period charged in the indictment, as they are relevant to the issue of force or coercion. The probative value, however, of evidence outside of the dates within the Indictment is outweighed by the prejudicial effect of it and the harm to the victim-witnesses. Even though this evidence may relate to Brown's defense to the sex trafficking charges under §1591(a), the court finds that he can still cross-exam the women as well as all of the government's witnesses and present other evidence, including the witnesses's acts of prostitution during the time period of the charges in Counts One and Two of the indictment. Brown will also be able to cross-examine the women regarding whether they were forced or coerced to engage in commercial sex acts during the stated time period. But Brown will not be allowed to present any evidence and testimony regarding prostitution acts that the women allegedly engaged in prior to or subsequent to the time period charged in the indictment. Any alleged commercial sex acts by the witnesses outside of the scope of the indictment are not directly related to Brown and the sex trafficking charges against him. As noted in Taylor, 352 F.Supp. 3d at 416 "[t]o allow such evidence and testimony, including the witnesses' prior and subsequent arrests and convictions related to prostitution [activities outside the scope of the indictment], would result in a mini-trial

placing the four victim witnesses on trial for their alleged stated acts related to prostitution shifting the focus of the case from the defendant[] to the witnesses themselves."

## IV. CONCLUSION

Based on the foregoing, the court will **GRANT** the government's motion *in limine* to preclude Brown from introducing or referencing prior or subsequent prostitution activities by the government's victim witnesses under FRE 412. (Doc. 81). An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 15, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2017 CRIMINAL MEMORANDA\17-396-02.wpd

7